UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Donovan James Robinson, | Civil No. 07-3697 (ADM/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Jessica Symmes, | |
| Respondent. | |

ARTHUR J. BOYLAN, United States Magistrate Judge

The above-captioned case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 (Doc. No. 1). Petitioner Donovan James Robinson appears pro se. Respondent appears by Richard D. Hodsdon, Assistant Washington County Attorney. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that Petitioner's application for habeas corpus relief be denied and dismissed with prejudice.

**I. BACKGROUND**

Following an incident in the Stillwater prison, Petitioner Donovan James Robinson was charged with one count of aiding and abetting first degree assault against a correctional employee and one count of aiding and abetting fourth degree assault in violation of Minn. Stat. §§ 609.221, subd. 2; 609.2231, subd.3(1); and 609.05 (2000). Robinson v. State, No. A03-1885, 2004 WL 1728582, at *1 (Minn. Ct. App. Aug. 3, 2004). Petitioner then pleaded guilty to an amended count of third degree assault. Id. Under the plea agreement, Petitioner would be

sentenced to a term of twenty-seven to thirty months, which would run consecutively to the sentence he was serving at the time of the assault.  Robinson, 2004 WL 1728582.  Petitioner believed that his sentence would begin on his supervised release date, rather than upon expiration of the sentence he was already serving.  Id. at 1.  Before sentencing occurred, he learned his sentence would not begin when he thought, and he moved to withdraw his plea.  Id.

Petitioner's counsel did not advise him that he did not have to withdraw his guilty plea in order to challenge an alleged sentencing error.  Id.  The district court allowed Petitioner to withdraw his plea, and the case was tried without a jury.  Id.  The district court found Petitioner guilty of aiding and abetting first and fourth degree assault on a correctional employee.  Id.

Petitioner was sentenced to 161 months in prison, to run concurrent to the sentence he was serving at the time of the assault.  Id.  Petitioner appealed the conviction, but the appeal was stayed to allow Petitioner to file a petition for post-conviction relief.  Id.

Petitioner alleged ineffective assistance of counsel in his petition for post-conviction relief.  Id.  The post-conviction court found that petitioner's attorney failed to inform Petitioner that he could appeal his sentencing even if he accepted the plea offer.  Id. at *2.  However, the court found that the attorney's representation was reasonable, and Petitioner was not prejudiced by his attorney's error because it was unlikely Petitioner would have prevailed on his appeal of the sentencing issue.  Id. at *2-3.  Petitioner appealed to the Minnesota Court of Appeals.

The Minnesota Court of Appeals held that trial counsel's representation of Petitioner fell below an objective standard of reasonableness.  Id. at *3.  The court further held that the post-conviction court addressed the wrong issue in its prejudice analysis.  Id. at *4.  The court of appeals remanded for the post-conviction court to consider whether, absent his counsel's deficient advice, Petitioner would have withdrawn his guilty plea and proceeded to trial.

Robinson, 2004 WL 1728582, at *4. The post-conviction court held an evidentiary hearing upon remand. State v. Robinson, No. A05-1149, 2006 WL 1529335, at *2 (Minn. Ct. App. June 6, 2006). The court found that counsel's deficient advice was not a material inducement of Petitioner's decision to withdraw his guilty plea, but that Petitioner withdrew his plea out of anger that the Department of Corrections moved his release date. Id. The post-conviction court also reviewed a transcript of the hearing at which Petitioner withdrew his guilty plea. Id. The transcript contained the following exchange between Petitioner and his counsel:

> [counsel] So you understand if you withdraw your plea, the exposure will be an additional 98 months sentence tacked on at the beginning of 2004 instead of the 30 month sentence tacked on at the end of 2004, you understand that?
> [Petitioner] Yes, I do.

Id.

Petitioner appealed the post-conviction court's decision to the Minnesota Court of Appeals. The court of appeals affirmed the district court's finding that it was Petitioner's anger at mistreatment by "the system," and not his counsel's deficient advice that materially induced Petitioner's withdrawal of his guilty plea. Id. at *3. The Minnesota Supreme Court denied Petitioner's petition for review on August 15, 2006.

On August 14, 2007, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He raises three grounds for relief.[1] Ground One of the petition is an ineffective assistance of counsel claim under the Sixth Amendment of the United States Constitution. Ground Two of the petition states, "Petitioner was denied specific performance in connection to

---

[1] In his habeas petition, Petitioner's claim in Ground One extends into the section of the petition under the heading for Ground Two. Therefore, Petitioner's second ground for relief appears under the heading "Ground Three" and his third ground for relief appears under the heading "Ground Four."

3

the deficient advice received by counsel." This appears to be a claim regarding the remedy for the alleged violation of Petitioner's constitutional right to counsel. Ground Three of the petition is whether the Minnesota Supreme Court erred by not granting review over the issue of the "standard [of] review for cases following remand by appellate courts."

In response to the habeas petition, Respondent concedes that Petitioner has exhausted his ineffective assistance of counsel claim in the state courts, and asserts that Petitioner's ineffective assistance of counsel claim should be denied on the merits. (Answer to Habeas Corpus Petition, Docket No. 7). Petitioner addresses four issues in his reply brief. (Petitioner's Reply to Respondent's Answer to Habeas Corpus Petition, Docket No. 8) ("Reply Brief"). The first three issues are related to the merits of Petitioner's ineffective assistance of counsel claim. The fourth issue is whether the Minnesota Supreme Court erred in refusing to review the decision of the Minnesota Court of Appeals.

## II. DISCUSSION

Habeas review is available to determine whether there has been a violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). In 1996, Congress passed the Anti-terrorism and Effective Death Penalty Act "AEDPA" which limited habeas review to adjudications that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Ineffective assistance of counsel claims arise under the Sixth Amendment's right to

counsel and are analyzed under the test announced by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, the petitioner must prove that counsel's representation fell below an objective standard of reasonableness. Id. at 688. The petitioner must also prove there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at. 694. Ineffective assistance of counsel claims are mixed question of law and fact. Id. at 698.

      A.      **Ineffective Assistance of Counsel**

In Ground One of the habeas petition, Petitioner alleges he was deprived of the right to effective assistance of counsel because his attorney failed to advise him of his rights before he withdrew his guilty plea. Furthermore, Petitioner alleges he was materially induced to withdraw his guilty plea by counsel's deficient advice.

The Minnesota Court of Appeals agreed that his counsel's advice fell below an objective standard of reasonableness because counsel should have known and advised Petitioner that he did not have to withdraw his guilty plea in order to challenge his sentencing. After remand to the post-conviction court for consideration of whether Petitioner was prejudiced by counsel's deficient advice, the Minnesota Court of Appeals affirmed the post-conviction court's decision. Therefore, Petitioner need only establish the prejudice prong of the Strickland test, as the state court determined his counsel's performance fell below an objectively reasonable standard. Petitioner seeks to establish prejudice by challenging the factual finding of the state court that he was materially induced to withdraw his guilty plea by anger at the "system" and not by counsel's failure.

Respondent correctly points out that the habeas court's standard for reviewing state court

findings of fact is highly deferential.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Petitioner asserts that he was materially induced to withdraw his plea because neither the court nor his counsel explained that he could appeal his sentence even if he entered into the plea agreement. Petitioner asserts the ability to appeal the sentence would have addressed his concerns about entering into the plea agreement. (Reply Brief, p. 7).

The exchange between counsel and Petitioner at the plea withdrawal hearing indicates that the sentencing issue Petitioner was concerned about was whether his thirty-month sentence would start at the beginning of 2004 or start at the end of 2004. Certainly, it makes sense that Petitioner would be concerned about spending one year longer in prison than he anticipated. However, Petitioner was made aware that if he withdrew his plea, he could be exposed to a sentence of an additional 98 months (starting at the beginning of 2004). Petitioner offers little explanation of why he withdrew his plea under these circumstances, but instead focuses on the fact that counsel's performance was objectively unreasonable.

The Minnesota Court of Appeals noted that the following exchange occurred between Petitioner and the post-conviction court at the evidentiary hearing following remand.

> [Petitioner] "I decided to withdraw my plea because I know that the sentence imposed was wrong." Appellant explained that he asked his attorney how his sentence under the plea agreement could start upon the expiration of the sentence that he was serving, *and his attorney did not respond*. The district court then asked, "And so that kind of ticked you off, you got mad?" Appellant said,

6

> "Yes." The court asked, "So you withdrew your plea because you were mad, in effect, is that what you're telling me?" Appellant said, "Yes."

Robinson, 2006 WL 1529335, at *2 (emphasis added).

Petitioner does not appear to have made a rational decision when he traded a thirty-month sentence starting at the end of 2004, for the possibility of a much longer sentence starting at the beginning of 2004. It is reasonable to conclude that Petitioner's decision, because it appears to be irrational, was made out of anger at the "system" for changing his release date. If Petitioner had been acting rationally rather than emotionally, he likely would have accepted a later starting date for a thirty-month sentence, rather than risking exposure to a much longer sentence that would begin a year sooner. Petitioner has not offered clear and convincing evidence to rebut the presumption that the post-conviction court correctly found that he withdrew his guilty plea because he was angry, not because he did not know he could challenge his sentence without withdrawing his plea.

### B. Specific Performance

In Ground Two of his habeas petition, Petitioner alleges he is entitled to specific performance of the plea agreement. This claim is based on the assumption that Petitioner is entitled to a remedy for violation of his right to effective assistance of counsel. Having failed to establish the prejudice prong of the Strickland test, Petitioner has not established a violation of his right to effective assistance of counsel and is not entitled to a remedy.

### C. Minnesota Supreme Court's Denial of Petition for Review

Petitioner alleges the Minnesota Supreme Court erred in denying review of the Minnesota Court of Appeals' decision because he presented a novel issue that "there is no standard of review following remand by the appellate court." (Reply Brief, p. 9.) Issues of

interpretation and application of state law are not cognizable in federal habeas review. Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994). Petitioner has no statutory or constitutional right to have his claims heard by the Minnesota Supreme Court. See Wilson v. Minnesota, No. Civ. 00-1194 (JRT/JGL), 2002 WL 32619482, at *4 (D.Minn. Feb. 12, 2002) (stating in most criminal cases, state supreme court review is discretionary under Minn. R. App. P. 117, subd. 2). Therefore, Petitioner's claim in Ground Three of his habeas petition does not state a cognizable habeas claim of violation of the Constitution or laws of the United States and should be dismissed.

### III. RECOMMENDATION

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**.


Dated: March 24, 2008

                                        s/ Arthur J. Boylan
                                        ARTHUR J. BOYLAN
                                        United States Magistrate Judge

Under District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 7, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may

respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.