UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donovan James Robinson,

　　　　　　　Petitioner,

v.

Warden Jessica Symmes,

　　　　　　　Respondent.

**MEMORANDUM OPINION
AND ORDER**
Civ. No. 07-3697 ADM/AJB

_____

Donovan James Robinson, *pro se.*

Richard D. Hodsdon, Esq., Assistant Washington County Attorney, Stillwater, MN, on behalf of Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Donovan James Robinson's ("Petitioner") Objections [Docket No. 11] to Magistrate Judge Arthur J. Boylan's March 24, 2008, Report and Recommendation ("R&R") [Docket No. 9]. Judge Boylan recommends that Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Docket No. 1] be denied. For the reasons set forth below, Petitioner's Objections are overruled.

## II. BACKGROUND

Following a September 16, 2001, altercation at the correctional facility in Stillwater, Minnesota, Petitioner was charged with aiding and abetting first- and fourth-degree assault against a correctional employee, in violation of Minn. Stat. §§ 609.221, subd. 2, 609.2231 subd. (3)(1), and 609.05 (2000). Robinson v. State ("Robinson I"), No. A03-1885, 2004 WL 1728582, *1 (Minn. Ct. App. Aug. 3, 2004); Washington County Dist. Ct. ("Trial Ct.") May 20, 2005, Mem. [Docket No. 13] at 1. On February 21, 2002, Petitioner pleaded guilty to an amended

count of third-degree assault.  Trial Ct. May 20, 2005, Mem. at 1.  His plea agreement specified

a sentence of twenty-seven or thirty months that would run consecutively to the sentence he was

serving at the time of the assault.  Robinson I, 2004 WL 1728582 at *1.

Petitioner's sentencing was scheduled for March 11, 2002.  Before the consecutive

sentence was imposed, Petitioner learned that the sentence for the 2001 assault would begin to

run at the expiration date of the prison term he was serving, rather than at an earlier date when

Petitioner believed his supervised release would begin.  Trial Ct. Mar. 11, 2002, Tr. [Docket No.

13] at 1-8.  Petitioner notified his counsel that he disputed the start date of his sentence.

Petitioner's counsel responded that Petitioner could either be sentenced under the plea agreement

or he could withdrew his plea and go to trial. Trial Ct. Feb. 24, 2005, Tr. [Docket No. 13] at 19.

Petitioner's counsel failed to inform Petitioner that he did not have to withdraw his guilty plea to

challenge by appeal the issue of the commencement date of the new sentence.[1]

Petitioner decided to withdraw his guilty plea because of the sentencing issue.  During

the change-of-plea colloquy, Petitioner testified he understood that a conviction for first-degree

assault would result in a sentence of at least ninety-eight months.  Trial Ct. Mar. 11, 2002, Tr. at

4-5.  The trial court accepted Petitioner's withdrawal of his guilty plea.  Id. at 4.  After a bench

trial, the trial court convicted Petitioner of aiding and abetting first- and fourth-degree assault

and sentenced Petitioner to 161 months concurrent with the previous sentence.  Robinson I, 2004

WL 1728582 at *1.

Petitioner filed a petition for post-conviction relief alleging ineffective assistance of

---

[1] The written language of the plea agreement did appropriately explain Petitioner's
appellate rights after a plea of guilty.  Trial Ct. Feb. 24, 2005, Tr. at 17-18.

counsel.  The trial court determined that defense counsel's representation was reasonable.  <u>Id.</u> at *2.  In the alternative, the trial court held that Petitioner was not prejudiced because it was unlikely he would have prevailed had he challenged the sentencing issue on appeal.  <u>Id.</u> at *4.  On appeal, the Minnesota Court of Appeals held that defense counsel's failure to inform Petitioner that he could challenge his sentence even if he accepted the plea offer fell below objective standards of reasonableness.  <u>Id.</u> at *3.  The Minnesota Court of Appeals remanded the case to the trial court so that it could revisit the prejudice issue because "the issue was not whether appellant would have prevailed in an appeal challenging his sentence, but whether, absent his counsel's deficient advice, appellant would have withdrawn his guilty plea and proceeded to trial."  <u>Id.</u> at *4.

On remand, the trial court held an evidentiary hearing.  Petitioner testified he would have pleaded guilty had he known he could challenge his sentence on appeal.  Trial Ct. Feb. 24, 2005, Tr. at 19.  However, the trial court determined Petitioner was not prejudiced by the deficient advice because he "was simply upset and angry that the [Minnesota] Department of Corrections had moved his release date and therefore [he was] determined to withdraw his guilty plea."  Trial Ct. May 20, 2005, Mem. at 3.  The Minnesota Court of Appeals affirmed the trial court's decision.  <u>State v. Robinson</u> ("<u>Robinson II</u>"), No.A05-1149, 2006 WL 1529335 (Minn. Ct. App. June 6, 2006).  On August 15, 2006, the Minnesota Supreme Court denied Petitioner's petition for review.

Petitioner timely filed his 28 U.S.C. § 2254 Petition on August 14, 2007.  Petitioner argues that due to ineffective assistance of counsel, he is entitled to specific performance of the rejected plea agreement.  Petitioner also challenges the Minnesota Supreme Court's denial of his

petition for review.

# III. DISCUSSION

## A.    Standard of Review

The district court reviews de novo those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. R. 72.2(b).

Under 28 U.S.C. § 2254, federal court habeas review of state court criminal convictions resulting in incarceration is limited:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1).  Additionally, "a determination of a factual issue by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

## B.    Petitioner's Claim of Ineffective Assistance of Counsel

Petitioner asserts a claim of ineffective assistance of counsel under the Sixth Amendment.  To prevail on a claim of ineffective assistance of counsel, a prisoner must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

4

proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). "When the defendant's claim is that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show prejudice, the defendant 'must show that, but for his counsel's advice, he would have accepted the plea.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, F.3d 238, 241 (8th Cir. 1995)). Claims of ineffective assistance of counsel are mixed questions of law and fact. Strickland, 466 U.S. at 698.

The Minnesota Court of Appeals determined that defense counsel's advice fell below an objective standard of reasonableness because counsel should have advised Petitioner that he could challenge the start date of his sentence without withdrawing his guilty plea. Robinson I, 2004 WL 1728582 at *3. Therefore, the first Strickland prong is satisfied. Petitioner challenges the state courts' factual finding that because Petitioner was so upset and angered regarding the start date of his sentence, there was not a reasonable probability that he would have pleaded guilty even had he known he could seek appellate review of the issue. Judge Boylan determined that Petitioner does not have clear and convincing evidence to rebut the presumption that the state courts' factual findings are correct. R&R at 7.

After reviewing the record, the Court finds that the state courts did not unreasonably determine the facts. Petitioner stated he withdrew his guilty plea because he believed the start date of his sentence was wrong. Trial Ct. Feb. 24, 2005, Tr. at 28. Petitioner was so convinced that the start date of his sentence was incorrect that he exposed himself to the possibility of a ninety-eight month sentence rather than a thirty month sentence. Id. at 20. Petitioner's decision to withdraw his guilty plea and expose himself to a much longer prison sentence undercuts his

testimony that his concerns would have been placated and he would have pleaded guilty if he had known that appellate review of the sentencing issue was available.  Although there is conflicting evidence, the state courts' determination of the facts was not unreasonable. Therefore, Petitioner cannot prevail on his claim of ineffective assistance of counsel because the state courts reasonably determined that he was not prejudiced.  Petitioner's objections regarding his claim of ineffective assistance of counsel are overruled.[2]

**C.**     **Minnesota Supreme Court's Denial of Petition for Review**

In his 28 U.S.C. § 2254 Petition, Petitioner argues that the Minnesota Supreme Court should have granted his petition for review in order to clarify the "standard of review on appeal following remand to the district court for further review."  28 U.S.C. § 2254 Petition at 6. However, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Judge Boylan correctly determined that Petitioner's claim regarding the Minnesota Supreme Court's denial of his petition for review does not state a cognizable claim under 28 U.S.C. § 2254.  Therefore, Petitioner's objection regarding the Minnesota Supreme Court's denial of his petition for review is overruled.

---

[2] Because Petitioner's claim of ineffective assistance of counsel fails, it is unnecessary to address his argument for specific performance of the terms of the plea agreement.

**IV. CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      Petitioner Donovan James Robinson's Objections [Docket No. 11] to Magistrate

        Judge Arthur J. Boylan's March 24, 2008, Report and Recommendation [Docket

        No. 9] are **OVERRULED**;

2.      The Report and Recommendation is **ADOPTED**; and

3.      Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Docket No. 1]

        is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                BY THE COURT:


                                _____s/Ann D. Montgomery_____
                                ANN D. MONTGOMERY
                                U.S. DISTRICT JUDGE

Dated:  July 3, 2008.